Argued February 4, reversed March 13, 1975

STEPHENS, *Petitioner, v.* DEPARTMENT OF
STATE POLICE ET AL, *Respondents.*

532 P2d 788

*S. David Eves* of Ringo, Walton, McClain & Eves,
Corvallis, argued the cause and filed a brief for peti-
tioner.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him

on the brief were Lee Johnson, Attorney General, and
W. Michael Gillette, Solicitor General.

McALLISTER, J.

This is a writ of review proceeding under ORS
34.010 et seq. in which the plaintiff Montie D. Stephens
appeals from a decision of the Court of Appeals, which
affirmed his dismissal as an Oregon State Police
trooper for an alleged wrongful violation of the regu-
lations of the Department of State Police and for
insubordination. Stephens was initially tried by a trial
board pursuant to ORS, Chapter 181, which found
Stephens guilty and based on such findings Stephens
was, on September 7, 1973, "removed from membership
in the Oregon State Police as of May 3, 1973."

Plaintiff appealed to the Circuit Court for Mar-
ion County which affirmed the decision of the trial
board. Plaintiff then appealed to the Court of Appeals,
which affirmed the circuit court. We granted a petition
for review.

The basic issue is whether, under ORS 408.210
et seq., Stephens, as a public employe, was subject to
removal for voluntarily leaving his position as a State
Police trooper in order to perform active duty train-
ing in the armed services of the United States. We hold
that he was not subject to removal.

There is no dispute about the controlling facts.
Montie D. Stephens became a member of the Oregon
State Police in 1967 and in 1972 was a trooper first
class employed in the Corvallis office and assigned to
traffic patrol. Stephens was also a member of the
United States Army Reserve and in April 1972 received
a direct commission as a second lieutenant. In order

to hold the commission Stephens was required to complete the nine-week infantry officer basic course within three years from the date of his commission. In May 1972 plaintiff wrote to the Superintendent of the Oregon State Police requesting that he be allowed to attend the officer training school, but his request was denied.

In January or February 1973 plaintiff requested orders to attend the infantry school, but did not know whether he would be accepted. On April 27, 1973 plaintiff received orders to report to the U. S. Army Infantry School at Ft. Benning, Georgia, on May 2, 1973. On that same day plaintiff requested the officer in charge of the Corvallis office for military leave to attend the infantry school. Stephens also, by a letter dated April 30, 1973 requested military leave from Captain Eaton, the officer in command of the district headquarters and attached a copy of his military orders. In reply Captain Eaton advised Stephens that his request for leave had been denied by the Superintendent and further instructed Stephens to report for his scheduled State Police duties.

Despite the denial of his request for leave, plaintiff did not report for his State Police duties on May 2, 1973, but, instead, left to attend the infantry school at Ft. Benning. On August 14, 1973, having completed his military training, Stephens reported for duty to the State Police office at Corvallis and was advised that he had been dismissed from the service. Immediately thereafter a formal disciplinary proceeding was begun which resulted, as stated above, in his removal "from membership in the Oregon State Police as of May 3, 1973."

The basic question is whether ORS 408.210 and

ORS 408.240 authorize a public employe to voluntarily take military leave without the consent of his employer and, if he does, whether he can be discharged "as a consequence thereof." ORS 408.240(1) in pertinent part provides:

"Whenever any public officer or employe leaves a position after June 24, 1950, whether voluntarily or involuntarily, in order to perform military duty, such office or position shall not become vacant, nor shall the officer or employe be subject to removal as a consequence thereof. * * * [S]uch officer or employe shall be deemed absent on leave until his release from such active service has permitted him to resume the duties of his office or position. While so absent on leave, he shall not receive the pay or other emolument of such office or position * * *."

Military duty, as employed in ORS 408.240, is defined in ORS 408.210 as follows:

"As used in ORS 408.240 to 408.280, 'military duty' means training and service performed by an inductee, enlistee or reservist or any entrant into a temporary component of the Armed Forces of the United States, and authorized time spent reporting for and returning from such training or service, or if a rejection occurs, from the place reported therefor; but does not include active duty training as a reservist in the Armed Forces of the United States or as a member of the National Guard of the United States where the call is for a period of 15 days or less."

■■ Plaintiff contends that the above statutes entitled him to a leave of absence to attend the United States Army Infantry School at Ft. Benning to complete the infantry officer basic course. The Court of Appeals agreed with his contention, but, nevertheless, held that plaintiff was guilty of insubordination for attending the infantry school. The court said:

"While the general rule appears to be that an

officer is not insubordinate for refusing to obey an order that is not legally valid, under the peculiar facts of this case we find an exception to exist. When the officer deliberately chose the method he did to test the law, it was at the risk of losing his position."

We think the Court of Appeals erred in its conclusion quoted above. Whether the plaintiff was insubordinate depends on whether the statutes quoted above entitled plaintiff to leave his position in order to attend the infantry school. If the plaintiff was entitled to military leave he could not be insubordinate in taking the leave. As stated in *Garvin v. Chambers,* 195 Cal 212, 232 P 696, 701 (1925):

"Insubordination can be rightfully predicated only upon a refusal to obey some order which a superior officer is entitled to give and entitled to have obeyed. * * *"

See, also, *Sheehan v. Board of Police Com'rs,* 197 Cal 70, 239 P 844, 847 (1925) ; *Parrish v. Civil Service Com'n of County of Alameda,* 66 Cal 2d 260, 57 Cal Rptr 623, 425 P2d 223, 226 (1967) ; *Forstner v. City and County of San Francisco,* 243 Cal App 2d 625, 52 Cal Rptr 621, 625 (1966). It is clear from the record that the trial board based its finding of insubordination solely on the premise that plaintiff was not entitled to military leave as a matter of statutory right and was not concerned with the manner in which he exercised the right.

The defendants cite no authority to support their contention that plaintiff was not entitled to leave except a 1967 opinion of the attorney general which we do not find persuasive. If the statutes quoted herein create a problem for administrative agencies the statutes can be amended by the legislature.

The judgment of the Court of Appeals is reversed and the case is remanded to the circuit court for entry of a judgment providing that plaintiff is entitled to reinstatement as a member of the Oregon State Police.