Argued November 18, 1976, appeal dismissed January 10, reconsideration denied February 16, 1977

## WHITNEY, *Petitioner,*
### *v.*
## EMPLOYMENT DIVISION, *Respondent.*
### (No. 408, CA 6608)

558 P2d 851

Ronald L. Gould, Coos Bay, argued the cause for petitioner. With him on the brief was McNutt, Gant & Ormsbee, Coos Bay.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner seeks judicial review of an order of the Employment Relations Board (ERB) affirming his discharge by the Employment Division.

In 1973 the Employment Division entered into a collective bargaining agreement with the Oregon State Employes Association (OSEA) which specified that it would be applicable to all employes of the Employment Division except those excluded in accordance with procedures established by the agreement and by Public Employe Relations Board rule. In April 1975, the Employment Division placed certain employes, including petitioner, on the list of those excluded from the bargaining unit by virtue of their employment in management positions. At that time, petitioner was an elected member of the Employment Division Bargaining Unit Representation Committee (BURC), a committee designed to make recommendations to OSEA as to the contents of the next agreement between OSEA and the Employment Division. Several times thereafter, petitioner requested that the Employment Division grant him leave to attend a BURC meeting, and on each occasion the request was denied on the grounds that petitioner was on the excluded list. In January 1976, petitioner took leave to attend a BURC meeting against the instructions of his superior, and was discharged by the Employment Division on February 29, 1976, for insubordination.

Petitioner then sought review by ERB of his discharge. On April 7, 1976, ERB's Board Agent issued proposed findings of fact and law which affirmed petitioner's discharge. The Board Agent concluded that as " 'work now and grieve later' is a well-established principle of labor management relations," petitioner should not have attended the January BURC meeting against the orders of the Employment Division, and that petitioner's discharge was proper. On May 19, 1976, ERB adopted the findings of the Board Agent. Petitioner appeals from ERB's order,

alleging that the Employment Division improperly placed him on the excluded list and that consequently he was not required to obey the orders not to attend BURC meetings. *See Stephens v. Dept. of State Police,* 271 Or 390, 532 P2d 788 (1975).

Since ERB has entered its order in this case, it has rendered a decision in *Employment Division Unit Determination Case,* ERB No. C-74-75 (Nov. 1, 1976). In that case, the Oregon State Employes Association, the union which petitioner claims represents him, challenged the Employment Division's placement of petitioner on the excluded list. ERB determined that the Employment Division had complied with all applicable procedures established by the collective bargaining agreement, and that petitioner had been properly placed on the excluded list.

Thus, even if we were to agree with petitioner that *Stephens* is applicable here and that therefore ERB's standard of "work now and grieve later" should not apply where a superior's instructions violate the terms of a collective bargaining agreement, we would still be compelled to hold that petitioner was properly discharged, for ERB has determined that the order petitioner disobeyed was correctly given. As we are not empowered to give opinions on abstract questions of law, petitioner's appeal must be dismissed. *Oregon State Grange v. McKay,* 193 Or 627, 238 P2d 778 (1951), 239 P2d 834 (1952).

Appeal dismissed.