Argued July 11, reversed and remanded October 4, 1977

WHITNEY, *Petitioner,*

*v.*

EMPLOYMENT DIVISION, *Respondent.*

(C/A 6608, SC 25194)

569 P2d 1078

Ronald L. Gould, of McNutt, Gant & Ormsbee, Coos Bay, argued the cause and filed the brief for petitioner. On the petition with him was Craig Oswald West, of McNutt, Gant & Ormsbee, Coos Bay.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

TONGUE, J.

## TONGUE, J.

Petitioner, an employee of the respondent, was discharged by it for misconduct and insubordination in refusing to obey an order not to attend a union meeting for the reason that he had been classified by it as a "supervisory employee." He appealed to the Employment Relations Board (ERB), which affirmed the dismissal. He then appealed to the Court of Appeals, which dismissed that appeal upon the ground that petitioner was "properly discharged" because ERB "has determined that the order petitioner disobeyed was correctly given" in that ERB has subsequently held, in another proceeding, that petitioner had been properly placed on the excluded list by his employer. 28 Or App 1, 4, 558 P2d 851 (1977). The facts of the case are set forth in that decision.

We granted petition for review because of our concern whether that disposition of this case by the Court of Appeals was proper.

In granting the petition for review, we requested argument on the following questions:

1. "Did the decision of the Employment Relations Board in the [subsequent] *Unit Determination Case* decide the issues involved in this case? In particular, did the Board determine that the Employment Division was entitled to order petitioner not to attend union meetings, even though the status of petitioner's job had not been finally determined?
2. "Was the Employment Division entitled to order petitioner not to attend union meetings?
3. If not, then does *Stephens v. Dept. of State Police,* 271 Or 390, 532 P2d 788 (1975), mean that petitioner was entitled to disobey the order?"

1. *ERB did NOT "determine that the order petitioner disobeyed was correctly given," i.e., that his employer was "entitled to order petitioner not to attend union meetings."*

   *a. The initial ERB proceeding.*

In the initial proceeding before ERB, decided May

19, 1976 (the subject of this appeal), the following Proposed Conclusions of Law were adopted by it:

"The issue here before the Board is whether or not Appellant was *insubordinate for disobeying his supervisor.* Whether or not Appellant was properly included on the Respondent's excluded list is not at issue."

Thus, it is clear that the decision by ERB on May 19, 1976, in the *initial* proceeding did not determine whether the order that petitioner disobeyed was "correctly given," i.e., whether his employer was "entitled" to classify petitioner as a "supervisory employee" and, accordingly, to order him not to attend union meetings.

### b. The subsequent ERB proceeding.

In the subsequent ERB proceeding (the Employment Division Unit Determination Case), decided November 1, 1976, pending petitioner's appeal to the Court of Appeals from the decision by ERB in the initial proceeding, it was held by ERB that the position of Assistant Manager of the Coos Bay Employment Office (the position held by petitioner prior to his discharge) was excluded from the bargaining unit of classified employees of the Employment Division. Again, however, ERB did not determine in that proceeding whether the order that petitioner disobeyed was "correctly given," i.e., whether his employer was "entitled" to classify petitioner as a "supervisory employee" at the time that it gave such an order to the petitioner and prior to a determination by ERB that petitioner was a "supervisory employee."

It follows, in our opinion, that the Court of Appeals was in error when it dismissed petitioner's appeal on the ground that ERB had "determined that the order petitioner disobeyed was correctly given." It also follows, in our opinion, that the Court of Appeals erred in refusing to consider and decide the merits of the questions presented to it for decision, i.e., whether the Employment Division was entitled to order petitioner not to attend a union meeting at the time that it issued

that order and, if not, whether petitioner was entitled to disobey that order.

In accepting the petition for review in this case we requested argument on the merits of such questions. These questions are of considerable public importance and if we should remand this case to the Court of Appeals to decide these questions it is likely that another petition for review will then be filed, and that, as a result, a final decision of these important questions will be further delayed for many months.

For these reasons, we shall proceed to a consideration of the remaining questions upon which argument was requested by this court in granting the petition for review in this case.

2. *The Employment Division was not "entitled" to order petitioner not to attend union meetings prior to the determination by ERB that petitioner was a "supervisory employee."*

■ Article IV of the collective bargaining agreement between the parties provides as follows:

"ARTICLE IV—REPRESENTATION

"*Section 1.* The Association is recognized and shall serve as exclusive representative of all employes in the bargaining unit heretofore described, *except those employes properly excluded from the unit in accordance with the rules of the Public Employe Relations Board* or by agreement of the parties." (Emphasis added)

PERB (now ERB) Rule 13-025 provides:

"* * * 3. No bargaining unit shall include elected officials, persons appointed to serve on boards and commissions, or confidential or *supervisory* employees." (Emphasis added)

"Supervisory Employee" is defined by ORS 243.650:

"* * * * *

"(14) 'Supervisory employe' means any individual having authority in the interest of the employer to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward or discipline other employees, or having

[ 39 ]

responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection therewith, the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment. However, the exercise of any function of authority enumerated in this subsection shall not necessarily require the conclusion that the individual so exercising that function is a supervisor within the meaning of ORS 240.060, 240.065, 240.080, 240.123, 243.650 to 243.782, 292.055, 341.290, 662.705, 662.715 and 662.785.

"* * * * *"

There was testimony that the Division had been advised by the office of the Oregon Attorney General that "management had the prerogative of establishing their own excluded list." No such contention is made by the Attorney General on this appeal despite petitioner's contention that under the terms of the collective bargaining agreement the Division had no authority to make a unilateral order adding positions to the list of those excluded from the bargaining unit upon the ground that they are "supervisory employees," but that the Division was required by Article XIII of that agreement to first notify the union of such a proposed change and (in the event of disagreement), submit the proposal to ERB for decision—all before an employee occupying such a position can be properly excluded from the bargaining unit.

That provision of the agreement is as follows:

"ARTICLE XIII—CHANGES IN EXCLUDED LIST

"If a change in the agency's list of positions excluded from the bargaining unit appears to be required, either the Employer or the Association shall give notice to the other of the proposed change. If the parties can agree to the change, they shall jointly notify the executive secretary of the Public Employe Relations Board. If the parties cannot agree, the proposal shall be submitted to the Public Employe Relations Board."

Although we do not question the good faith of the Division in classifying petitioner as a "supervisory employe," we hold that under the terms of this

[ 40 ]

provision of the collective bargaining agreement the Division was not "entitled" to order petitioner not to attend the union meeting because it had not given notice to OSEA prior to a determination of ERB that he was a "supervisory employe" in the event that the Division and OSEA were unable to reach an agreement to that effect.

3. *Petitioner was not entitled to disobey the order not to attend the union meeting, but was required to remain at his job and to then file a grievance under the grievance procedure provided by the collective bargaining agreement.*

■ Petitioner contends that ERB used an improper "standard for insubordination" and that under the rule established by this court in *Stephens v. Dept. of State Police,* 271 Or 390, 532 P2d 788 (1975), he was entitled to disobey the order by the Division not to attend the union meeting. In that case we held (at 394) that:

> "Insubordination can be rightfully predicated only upon a refusal to obey some order which a superior officer is entitled to give and entitled to have obeyed."

Regardless of whether or not the rule of *Stephens* would otherwise be applicable in this case, there was no union or collective bargaining agreement in *Stephens* and no grievance procedure established by the terms of a collective bargaining agreement, as in this case.

In this case it was held by ERB that:

> "Appellant had the option here of filing a grievance to correct what he felt was an injustice. In fact, at the time of the BURC meeting here in question, his grievance involving the same issue was under review by the Employment Relations Board. 'Work now and grieve later' is a well-established principle of labor management relations. Appellant's rights under the grievance procedure still had not been exhausted. Appellant had also been warned that repercussions would follow if he went to the meeting. Appellant was on notice that disciplinary action would be taken.
> "* * * * *

[ 41 ]

"* * * Appellant does not, under the circumstances, have the right or privilege to resolve matters in his own way, ignoring procedural remedies which are considered the rule by all parties.* * *."

We agree with this holding by ERB. In other words, just as the Division was not entitled to make a unilateral order adding petitioner's name to the list of "excluded" employees without first giving notice to OSEA and following the procedure set forth in the collective bargaining agreement, neither was petitioner entitled to take matters into his own hands and deliberately disobey such an order by his employer without first taking the matter up as a grievance and following the grievance procedure set forth in that same agreement. Indeed, this goes to the essence of one of the primary purposes of collective bargaining agreements, i.e., to provide a means by which disputes may be settled without resort to unilateral direct action by either employer or employees.[1]

There may be exceptions to this rule, as in cases in which it is clear and undisputable that the order was beyond the authority of the employer or cases in which life or health is directly endangered by an order given by an employer to an employee or cases in which some other good reason exists why the employee cannot reasonably be expected to obey the order and to then take the matter up as a grievance.[2] This, however, is not such a case.[3] It follows, in our opinion, that petitioner was not entitled to disobey the order of his employer.

---

[1] This is a well recognized "common law" rule of labor relations. *See In re National Lead Co. of Ohio,* 48 Lab Arb Rptr 61, 63 (1967), and authorities cited therein. *See also In re City of Detroit,* 61 Lab Arb Rptr 645, 655 (1973).

[2] *Cf. In re National Lead Co. of Ohio, supra* n. 1 at 83, and *In re Sheller-Globe Corp.,* 60 Lab Arb Rptr 414 (1973).

[3] We also hold that the requirement that petitioner must ordinarily exhaust remedies available under the grievance procedure before refusing to obey an order by his employer not to attend union meetings during working hours does not violate any "fundamental right of association" of the petitioner, despite his contentions to the contrary.

*—The penalty of discharge.*

Finally, a serious question remains, in our opinion, as to whether the penalty of discharge, as previously approved by ERB in this case, was a proper penalty under all of the circumstances of this case, including the fact that when petitioner disobeyed that order he not only had reason to believe that his employer was not entitled to give him such an order, but was correct in that belief. In other words, under these circumstances would a reasonable employer have regarded some lesser penalty, such as reinstatement without back pay or suspension without pay, more appropriate?[4] At the time of the previous hearing before ERB it had not been decided, as now held by this court, that petitioner's employer was not entitled to issue that order to the petitioner. Accordingly, that circumstance was not considered by ERB in sustaining the discharge of the petitioner.

This question has not been argued by the parties on this petition for review. We therefore decline to decide it. Instead, we direct that this case be remanded to ERB for further proceedings.

Reversed and remanded.

[4] *Cf. James v. Employment Division,* 20 Or App 309, 314, 531 P2d 710 (1975).